# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA R. REED, | ) |
| | ) |
| Plaintiff | ) Case No. 2:07-CV-0914-VEH |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Patricia R. Reed ("Ms. Reed") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act. She seeks review of an adverse final decision by the Commissioner of the Social Security Administration (hereinafter referred to as "the Commissioner"), which denied her application for disability and disability insurance benefits ("DIB"). Ms. Reed timely filed and exhausted her administrative remedies available before the Commissioner before petitioning this Court for relief. The case is ripe for judicial review pursuant to 42 U.S.C. § 405(g) of the Social Security Act.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the

Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239.

## FACTUAL BACKGROUND

Ms. Reed was fifty-one years of age at the time of her hearing before the Administrative Law Judge ("ALJ"). (Tr. 378). Ms. Reed has a high school diploma and has taken some college courses. (Tr. 380). She was a petroleum supply specialist in the military until 1990 when she began working as a housekeeper for the VA for eleven years. (Tr. 392). Ms. Reed alleges that she has been unable to work since April 11, 2002, because she was no longer able to perform her job duties. (Tr. 392). She complains of high blood pressure, asthma, pain in her feet and hands, glaucoma, chest pains, and depression. (Tr. 14). Ms. Reed received ongoing treatment from the

VA Medical Center for her various symptoms. (Tr. 173-357). She also visited Dr. Greg Sullivan for her asthma, Dr. William B. Beidleman for her depression, and Dr. Jack Zaremba for a complete consultative work up. (Tr. 161, 169, 358).

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999), *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id*.

## **Findings of the ALJ**

In the instant case, the ALJ determined that Ms. Reed had not engaged in substantial gainful activity since April 11, 2002, the alleged onset date of her disability. (Tr. 13). The ALJ also found that Ms. Reed suffered from two severe impairments: asthma and depression. (Tr. 13). As a result, Ms. Reed met the first

4

two prongs of the five prong test; however, the ALJ did not find that these impairments, taken separately or in tandem, medically equaled or met the criteria of a listed impairment. (Tr. 13). Based on the finding of two severe impairments, the ALJ concluded that Ms. Reed would be unable to perform any past relevant work as defined in 20 C.F.R. §§ 404.1565 and 416.965. (Tr. 20A).

The ALJ further found that Ms. Reed had the residual function capacity to perform light work in a controlled environment with no exposure to gas, fumes, and pollutants. (Tr. 14). On the testimony of a vocational expert ("VE") that approximately 6,000 sedentary jobs were available in the region, the ALJ concluded that there were sufficient opportunities available for Ms. Reed to find work. (Tr. 21, 401). As a result, the ALJ concluded Ms. Reed is not disabled within the meaning of 20 C.F.R. §§ 404.1520 and 416.965.

### **FINDINGS AND HOLDINGS OF THE COURT**

Ms. Reed seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed with instructions to award benefits or remand for further proceedings. (P. Br. 13). Ms. Reed argues that the ALJ did not consider the combined effect of her multiple impairments on her ability to perform work. (Pl. Br. 8).

### I. The ALJ did not consider the combined effect of Ms. Reed's two severe impairments.

The relevant portion of 20 C.F.R. § 404.1523 states:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

*Id.* The ALJ examined Ms. Reed's eligibility and came to the conclusion that she did not suffer from a disability: "Thus, it is found that the claimants 'severe' impairment, considered singularly and in combination, are not of listing level severity." (Tr. 14).

Beyond the cursory finding that all impairments were considered, the ALJ failed to further consider the *combination* of the two severe impairments – asthma and depression – throughout the rest of his opinion. Moreover, the ALJ included neither the name nor the symptoms of depression in his hypothetical to the VE, which means the VE could not have taken that "severe" impairment into account when giving her assessment of Ms. Reed's situation. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

6

The ALJ did not pose a question based on the depression standing alone or in conjunction with Ms. Reed's other impairments. *See Reeves v. Heckler,* 734 F.2d 519, 525 (11th Cir. 1984) (The Eleventh Circuit held that "[t]he ALJ considered Reeves' impairments separately, but not together; this failure to follow the regulations requires that the case be remanded for further consideration under the appropriate standard."). Similarly, although the ALJ in this case examined each impairment separately in his opinion, he neglected to assess their impact on Ms. Reed in combination either in his opinion or through an appropriate question posed to the VE. (Tr. 14-17).

Furthermore, the Eleventh Circuit has held that "unless there was vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience and physical limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence." *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) (citations omitted).[2] None of the ALJ's hypothetical questions – concerning ability to work and number of jobs available – took all of Ms. Reed's impairments into

---

[2] The ALJ based his decision that Ms. Reed was not disabled on information from the VE concerning *sedentary* jobs. (Tr. 401). This line of questioning does not comport with the ALJ's determination of a *light work* RFC for Ms. Reed. This issue should also be addressed on remand.

account. Specifically, the VE was not questioned about the effect Ms. Reed's severe impairment of depression would have on her ability to perform work. As a result, because the ALJ did not question the vocational expert concerning Ms. Reed's depression, his opinion is not supported by substantial evidence.

## **CONCLUSION**

The court concludes that the ALJ's determination that Ms. Reed is not disabled is not supported by substantial evidence and improper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be reversed and remanded, and a separate order in accordance with the memorandum of decision will be entered.

**DONE** and **ORDERED** this 27th day of February, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge